23-684 and 23-748 Woodward Bora LLC v. Constance Browne and Royston Browne. Your Honor, before I get started, is it possible to change mine a lot of time so I only have two minutes for rebuttal? Absolutely. Thank you. Thank you, appreciate it. May it please the court, my name is Seth Weinberg, here representing the appellant and cross appellee, Windward Bora LLC. Your Honor, today I'm here before you asking you to please reverse the Southern District's decision denying my motion for summary judgment and granting my adversary's motion for summary judgment dismissing our action seeking to collect monies owed under a promissory note under New York law. The issue at stake here, Your Honor, is RPAPL 1301 section 3. RPAPL, that section of New York law. Before we get to that, can I ask about the jurisdictional question? Yes, Your Honor. So, Windward Bora is an unincorporated association, right? Windward Bora is an LLC, Your Honor. It's an LLC, but we regard that as an unincorporated, we treat that like an unincorporated association. Yes, Your Honor. So it's based on the citizenship of its members. Yes, Your Honor. Its partners. And you have the one partner who at the time was a citizen of Morocco and may have been a legal permanent resident of New York. Your Honor, he was not a legal permanent resident of New York. If at anything, at that time, he was a legal resident of Florida residing in Miami. Well, why would the court determine that, right? Because the District Court said that the LLC only gets the citizenship of the partner, and not the legal permanent residency. But I guess my question is, why would that be the case? So if Mr., what's his name, Mr. DeVico? DeVico, yes, Your Honor. If Mr. DeVico were the plaintiff, he could not sue in federal court, right? Mr. DeVico is... No, I'm sorry. If he's a legal permanent resident of New York, he could not sue in federal court in this case. If he was a, if he was domiciled in New York personally, and the Browns are also domiciled in New York, yes, the versus... He wouldn't be able to. And so if we have a principle that an unincorporated association or an LLC takes on the citizenship of the members, why wouldn't the same rule apply to the LLC? That you have a partner who's domiciled in New York, and he can't sue in his own capacity. He also can't do it through an LLC. Your Honor, he was not domiciled in New York at the time. So I understand. So like, why wouldn't the answer be, we should tell the district court it's wrong not to care about that question about where he was domiciled, and you have to make a predicate finding that he was not domiciled in New York. Do you think we could do it on the appellate record for the first time to say that he was domiciled in Florida? I would say that we could, Your Honor. This issue with Mr. DeVico and his domicile has been decided multiple times within both the Southern District and also the Eastern District. And it's pretty much become precedent that Mr. DeVico is not domiciled in New York. Well, wait a minute. So you think he's not domiciled in New York, but do you agree with the premise that if he were domiciled in New York, that Wynwood Borah couldn't maintain this lawsuit in the federal court? If Mr. DeVico at the time of commencement of the action had been domiciled in New York, that would be a problem for my defense. So that's true that that means that the district court was wrong to say that the domicile of the member of the LLC is irrelevant to the jurisdictal question. Could you repeat that please, Your Honor? I thought the district court had said that the LLC only takes on the citizenship of Mr. DeVico and not the domicile and the legal permanent residency. And so it's irrelevant whether he's domiciled in New York or Florida. But you seem to agree that that's wrong. And if he were domiciled in New York, then there wouldn't be appellate jurisdiction. There wouldn't be diversity jurisdiction over this lawsuit. So in terms of diversity jurisdiction and the citizenship of the members of the LLC, that's constantly changing, Your Honor. It's basically like- Diversity jurisdiction is determined only at the time of the filing of the suit, you would agree? I would agree, Your Honor. So the only thing we care about in terms of diversity is at the moment of the filing of the suit. So diversity doesn't change over time, correct? Yes, Your Honor. It may have changed. If you have another case out there that said in year X, Mr. DeVico was a citizen of the place or domiciled in X. That's not, you said something about it being binding precedent. But, of course, if anything, I want to see how it's binding precedent. It could be collateral estoppel with respect to certain parties. But at the most, it would be persuasive or binding with respect to a particular moment in time. Yes, Your Honor. If somebody says in 1998 he was domiciled in New York, it tells us zero about where he was domiciled in 1999, right? Yes, Your Honor. That's correct. Okay. And I'm going to just back up a question there because I thought it was sort of thinly briefed, this question about 1332. It's rather complicated, right? Because 1332, and we're talking about subsection A2, right, it says that the district courts have original jurisdiction, meaning diversity jurisdiction, in cases between citizens of a state, on the one hand. Here that would be the Browns. And citizens are subjects of a foreign state, which here would hypothetically be Mr. DeVico. Except that the district court shall not have original jurisdiction under this subsection of an action between citizens of a state, again the Browns, and citizens are subject to a foreign state who are lawfully admitted for permanent residence. That's Mr. DeVico. So the question then becomes, it's certainly not the case that the LLC is a lawful permanent resident, right? The LLC is an artificial entity that has no citizenship, right? That's correct, Your Honor. Only human beings can be LPRs. Yes, the LLC's citizenship is based on its members, and in this case its member is Mr. DeVico. And we have all this case law that really antedates these amendments to 1332, where we talk about citizenship flowing through from a partner to an artificial entity, right? That's correct, Your Honor. But here the question is not if you apply it textually, right? The question, if you apply it, it doesn't say that the exception applies to citizens and citizens, but to citizens of a state. So there's a textual basis for reading this to create a strange anomaly where if Mr. DeVico truly was a citizen of Morocco at the time and Donald Sullivan New York, there would not be diversity jurisdiction between him and the Browns. But there could, weirdly enough, be diversity jurisdiction between an LLC he owned and the Browns if one says that the exception literally only applies to subjects of a foreign state who are lawfully admitted, which cannot, in fact, be an LLC. Because an LLC cannot be lawfully admitted, right? Yes, understood, Your Honor. Yes, there seems to be an anomaly between a juxtaposition in the statute. But again, in terms of Mr. DeVico, and at the time, yes, he was a lawfully admitted citizen of Morocco, but he was also residing in Florida, in Miami, not in New York at the time of the commencement of the action. So then let me ask you this. Back me up. If this is a really hard threshold question, perhaps harder than the parties have acknowledged, would you agree that the question of whether your client was barred from bringing this action at all under 13013, if I'm getting the number right? Is it 13013? 13013, Your Honor. 13013. Is that also a threshold question that we could, if we were to rule against you on that ground, we would not need to reach the subject matter jurisdiction question? I think subject matter jurisdiction is a threshold question, Your Honor. And in terms of the lower court's decision, if the lower court had found against us on subject matter jurisdiction, then they would not have to then treat the 1301 situation. I don't think it's optional, right? As head of the Supreme Court, we have said that if there are multiple threshold questions that throw a case at a court, we can choose between them, and that we need not decide difficult questions of subject matter jurisdiction if there's an easier threshold question that would nevertheless throw the case at a court, right? Yes, Your Honor. I agree with that statement. So let me ask you about 13013. Would you agree that by its terms, your client was required to seek prior leave of the court before filing? Under 13013, I would state that by its exact terms, yes, there is a requirement. But that case law under New York would suggest that you can, if you don't seek prior leave, Yes. That the court in which you file the new action has discretion to nunk, pro-tunk, to grant, to interpret, let me see how this should be, to basically construe your filing of the new action as implicitly a request for leave nunk, pro-tunk, that would comply with 13013. Yes, Your Honor. It's under situations where equitable concerns would militate against mechanical application. Okay. Which is exactly what's happening in this case. So in putting aside the new law that your adversary suggests takes away that discretion, tell me what are the special circumstances here that in theory would Excuse me. Show that he's, that would show that you, the district court abused its discretion in not exercising its equitable Yes, Your Honor. So the predecessor in interest to my client filed a foreclosure action in the Southern District of New York and obtained a judgment of foreclosure and sale. Their interest as a subordinate interest in the property was then foreclosed by a senior mortgage holder in New York State Court. Which your predecessor in interest could have intervened. Yeah, they decided to do that, right? So actually, I mean, just as we recount this, why did the junior mortgagee file a separate foreclosure action when in fact there was already a foreclosure action pending in state court by the senior mortgagee? Your Honor, there is a serious problem in New York State Courts. It could take five, seven, eight, ten years to get to judgment of foreclosure and sale in New York State Court commencing a foreclosure action. The foreclosure action that the predecessor filed was filed under diversity principles in Southern District of New York. And it was filed in that manner to ensure that they were able to get to judgment. But I thought that they were denied leave to intervene in the original state foreclosure action because they were late. They were denied leave to intervene in the state foreclosure action. Right, the very first one. Because they were late. Your Honor, that was after they had commenced their own foreclosure action in the Southern District. Okay, but if you decided that you wanted to have your own foreclosure action because you didn't trust the state foreclosure action, why does that excuse you from a scenario in which if you filed a foreclosure action, you have to get leave or permission to then sue on the note? It doesn't excuse us, Your Honor. What it does do is create circumstances where my client would be equitably harmed because now they have a judgment that they cannot collect on, that is effectively void because it has been foreclosed out by the senior. This is really their third bite at the apple. The first time the apple was sitting there, they chose not to even try to bite, right? Or they did and they were kept from intervening in the state foreclosure action. Then they file a federal foreclosure action. And now you've got this third try. How is it inequitable to say, wait a minute, how many times do they get to litigate this thing? Do they get to come a fourth time if they lose now? Your Honor, in terms of the initial foreclosure action, they took- There's a state foreclosure action. The whole idea is you bring everybody in and they sell the property and you sort it out and everybody gets their share of the money. And we don't even know who got all the money from there, right? Yes, I'm actually glad that Your Honor brought that up. We don't know who got all the money from the initial foreclosure action. But that's your client's fault or rather the predecessor in interest's fault because they could very well have intervened, put in their claim, gotten their share. And we wouldn't have all the success of litigation. Your Honor- So you don't know whether there were surplus funds from the sale or whether your client got any? Your Honor, we do know that there were no surplus funds. How do we know that? Because the public records through the Bronx County Clerk's Office, there's a notice, there's a report of sale from the senior foreclosure action. And there was no surplus. Now that's actually- I'm very glad that Your Honor brought that up because that's a very important issue. If our summary judgment- our summary judgment motion was, again, denied by the Southern District. My adversary's summary judgment motion was granted. But the judge in the Southern District articulated that there was potentially an issue concerning whether there were surplus money funds. And that issue went directly towards whether there were these equitable concerns for whether my client should have been permitted to non-pro-tunk file the secondary action on the note. Now, my argument is that that inference was given to my adversary on his motion for summary judgment. That inference under Second Circuit case law- The inference that you could have sought surplus funds, is that- The inference that there was not surplus funds, Your Honor. The inference that there were not. Yes. Why would your adversary get the benefit of that inference? Well, that's what he was given, the benefit of that inference on his motion for summary judgment. And ultimately, he was granted. Maybe I'm missing something. But if there were not surplus funds, doesn't that help your client? Because it means there was no way you could- It does. It does help my client. All right. So why does that inference help the other side? Because the court stated that one of the factors that was to be considered, based on the Second Department case law that had been promulgated, was, was there an opportunity to obtain surplus funds in the senior foreclosure action or in the other foreclosure action? You're saying they got the benefit of the inference that maybe there was. They got the benefit, yes. But you're saying that we should conclude that there wasn't because of the record of these- What I'm saying, Your Honor, is that at the very least, you should remand back to the trial court for that issue of fact to be flushed out before the trial court. Because on their motion for summary judgment, they were given that inference. And they should not have been given that inference. That inference should have gone to the non-moving party on the cross motion, which was my client. Okay. So if there weren't surplus funds, does that mean that you were excused from having to seek, seek leave from the district court? The judge in the Southern District said that it was a very strong factor in favor of us being, being excused from that. What about the early, so you're saying we should conclude that you didn't get surplus funds or maybe that that should be the inference. What about the earlier settlement when NationStar tried to intervene in the federal case and then there was a settlement between the junior mortgagee and the senior mortgagee? Did the junior mortgagee get some kind of money out of that settlement when NationStar withdrew?  Excuse me, Your Honor. No, there was no money that was transferred. Do we know that? Is that in the record? That's not in the record. So how do we know that? Your Honors don't know that. You're right. I know that, but it's not in the record. So why wouldn't you put that in the record? I don't have the answer to that. I guess that's the problem, right, is that you're telling us to come here and say the district court should have exercised its equitable powers in a different way, right? And basically there are gaps in the record as to what facts could point in your favor. These are the sort of things that usually if someone is seeking an equitable exception, it's their burden of demonstrating their entitlement to it. So if there's not enough in the record and there are gaps, that means the moving party has failed to establish their entitlement to it. And we certainly can't fault the district court for not ruling in your favor, granting you an exception that you haven't explained whether or not you deserve. The default rule under the election of remedies statute in New York is you give one bite at the apple. And you're trying to explain why there's something extraordinary going on that gives you two bites. And if there are gaps and we don't know why you should or shouldn't get the second bite, then how can we fault the district court? Your Honor, I would say that in terms of the denial of my motion, perhaps, yes, you can't fault the district court. But in terms of the grant of my adversary's motion, the district court was very clear to state that that is an outstanding issue concerning whether or not there were surplus money funds that were paid. And that inference was given to my adversary on his cross motion to then dismiss the case in its entirety. Perhaps the proper remedy would be to remand back to have discovery on that issue. But the 13013 requirement is supposed to say this is something that should be decided at the outset, before we go through a whole case, right? That you have to ask permission before embarking on a whole new litigation crusade. And you seem to be suggesting that, no, you should let this entire case play out all the way to judgment, discovery, rulings, and all of that. And then at the end, we can figure out whether there are special circumstances that should have allowed this new case to be filed in the first instance. It does not seem backwards. This is supposed to be a gatekeeping operation. I would say, Your Honor, that it's not backwards. The reason why it's not backwards is because we're talking about situations with commencement of foreclosure actions. And the pervasive problem in New York has been commencement of multiple foreclosure actions. We're not talking about multiple foreclosure actions here. We're talking about an initial foreclosure action that was commenced by the junior, who was my client's predecessor in interest, where they went to judgment. And then they were foreclosed out. Their only available relief at this point is to go ahead and file suit on the note. Did Gustavia or Woodward-Bora move for a deficiency judgment after the property was sold? They did not because there was no deficiency, Your Honor. But aren't they required to make that motion? I know they're not, Your Honor. Why not? There was no deficiency. But you're saying that there wasn't enough money to satisfy their interest. No, no. There was no sale that was occurred based on the judgment that was obtained by Gustavia, who was our predecessor in interest. The only sale that occurred was the senior mortgage lien holder. Their sale went forward. And at their sale, following their sale, there were no surplus money. But I guess that goes back to the question of why you didn't or your predecessor in interest didn't intervene in that original foreclosure action. You seem to suggest that everything rides on the federal foreclosure action and that somehow because somebody snatched the property away from under you, you were left empty-handed. But you had. And by you, I'm referring to your predecessor in interest, could have intervened in that, right? They sought intervention, like Your Honor pointed out, and they were denied. Right, but the fact that they were denied, it's because it was their fault, right? If they had properly intervened at an early time and followed all the procedures, I mean, a junior mortgage holder is generally allowed to intervene, right? Yeah, Your Honor, that was the determination. But if one procedurally defaults, or I can't remember the reason why they were not allowed to intervene, then we don't say, oh, well, you know, that's been inequitably applied to them. We don't sit and review of the original decision denying them right to intervene. I mean, if they mess up in litigation, now they have to live with the consequences. Your Honor, but the consequence here, since there was no actual deficiency, there was nothing to be gained. So looking back on it in hindsight. There was a deficiency. There was no surplus. Oh, excuse me. There was a deficiency. No surplus, no surplus. There was no surplus. No surplus. That means there was a deficiency, so you could have moved for a deficiency judgment to indicate that your interest wasn't satisfied, right? Yes, Your Honor. So why didn't you do that? And does the New York law also require that? New York law does not require that for a junior lien holder to do that. It doesn't require it for a junior mortgagee? No. I think we've kept you up considerably past your time. Why don't we hear from your opponent? Thank you. May it please the court, my name is Joseph A. Altman. I represent the cross appellants, the Browns, in this lawsuit. What counsel didn't discuss and what was important is that the action itself brought by Mr. DeVico, I hate to use the word fraud, but there's nothing accurate in the summonsing complaint. That's why the issue of, what was it, 1301 came up late. When you read his complaint, besides the fact that he really proved no diversity jurisdiction when it came to that issue, he never gave an address in Florida, he never proved where he lived. Let me just ask you this. Does it matter to your client whether you win on subject matter jurisdiction or 13013? Isn't either way your client win? Correct. This is an alternate ground for affirmance, I assume, or I suppose maybe not affirmance because we would be dismissing based on subject matter jurisdiction. Let me ask you this. Would your client be worse off if we were to find that there was never a diversity jurisdiction? Then we would be remanding to the district court to dismiss without prejudice. Is that a different disposition than the district court entered? No. Yes, it is. How is it different to you? I don't understand. Truth be granted, we want a dismissal on the merits. What I'm bringing up is that everything that Mr. DeVico said from day one, starting in his complaint, through where he lives and where he doesn't live, to the fact that he purposely hid the alliance to this note. So these are alternative grounds for affirmance? Correct. Sorry, so 1301, you just said you'd like a dismissal on the merits, so that means that the 1301 issue would be a merits determination, right? Right. So if there's a question as to whether the district court even had subject matter jurisdiction, do we skip over that to reach the merits? I always hate the answer yes, but, again, the purpose of my bringing— You hate the answer yes? What does that mean? I agree with your Honor that it would probably be better to get to the merits to find— Why is it a merits determination? I don't understand. I thought it's that you can't start an action without prior leave of court. Right. And how is that a merits determination of their claim? Oh, I thought about the diversity. That's what you meant by merits. That's what I meant. You meant diversity is the merits? No, the statute. The 1301. That's what I'm saying. How is a 1301.3 ruling, the one that the district court gave below, how is that a merits determination? Are you saying that's a merits determination? It's the determination that you can't bring the action again. Right. Right. So it would be that the windward mora failed to state a claim in the action on the note because it didn't comply with the requirements for making such a claim, right? Correct. So that would be a dismissal on the merits because it would be with prejudice. Right. It wouldn't be that the case could be brought somewhere else. Correct. So that is a merits determination. Right. So we can't decide that question until we decide whether there's subject matter jurisdiction. That's correct. And so you think that there is a question as to whether the district court had subject matter jurisdiction because in your view, the parties are not diverse. That was one of the issues that we did raise that the court resolved in the favor of Mr. DeVico or the plaintiff. Well, they resolved it in favor of Mr. DeVico but only on the ground that the LLC doesn't get his domicile, right? Correct. The district court never determined whether he was a domiciliary of Florida or New York. Right. And you believe that he was a domiciliary of New York. He never produced any proof to the contrary is really what I said. But you suggested that he's a domiciliary of New York and the district court never determined that he was not. Correct. The court gave that issue to plaintiff in order to get to the end of the case in order to make the determination that the matter should be dismissed on 1301. But if he were a domiciliary of New York, then there wouldn't be subject matter jurisdiction and the whole thing should have been dismissed for a lack of diversity jurisdiction. That's correct. So back up a second. You said that you agree that the 13013 ruling would be on the merits, right? Right. What's your authority for that? That the statute provides that you have to get permission, perhaps in special circumstances, in order to- That's why you lose under the statute. What I'm asking is why that is what we consider a merits determination. Obviously, there are statutes that provide all sorts of things. 1332 is a statute. Right. But we don't say that a failure to comply with a statute is a merits determination, right? Well, I believe- Statutes have some procedural rules and they have some merits rules. And I'm asking you why 13013, in your view, is a merits determination. Because it dismisses the case with prejudice and it cannot be brought again. Where do you get the authority that it dismisses it with prejudice? And that may be true. I'm asking why. I'm trying to understand why. My reading of 1301 is that you can't bring the action. The action was already brought. He didn't meet the condition preceding to bringing the action. Hence, the action gets dismissed and you can't bring it again. And where's the part of that? Is that an element of the claim? Is that another way of looking at it? If there are several elements of your claim, is the noncompliance with the rule an element that has to be shown to prove it? Correct. And so that goes to one of the elements to bring a lawsuit. Why isn't that a failure to state a claim if you don't bring that? Right. You don't get a second bite of the apple after the case is dismissed. Well, why not? If you were to prevail on 1301, but it's without prejudice, such that they could just bring the suit again in a different court, you would not like that disposition? No. Okay. So I guess I'm asking where do you get the with prejudice thing? You say that he can't bring it again in another court. Where do you get that from 1301.3? Let's say he were to go back to the Southern District, file a new lawsuit and say, but attached to my complaint is a motion for leave to file the attached complaint. I'm complying with 1301.3. Is there a New York case law that's saying you can only do it once? Again, my reading of the statute, and again, it may be incorrect, is that it's part of your lawsuit, and this lawsuit is so old that if he attempted to bring it again, he'd have a statute of limitations claim. Let's assume he did it within the statute of limitations. I understand you have a separate statute of limitations claim, but that would be saying that it's barred by statute of limitations. Right. If you're right on the statute of limitations, is that a merits determination? It's a procedural determination, but it dismisses it with prejudice. I guess it's a cutting of hairs to determine. You always want a case to be dismissed with prejudice so you can't bring it again. Statute of limitations doesn't mean you didn't have a claim when it wasn't barred 10 years ago. A statute of limitations bar is a merits determination, right? Because it means that the case is done. Well, the case is done. It depends how you want to define it. My understanding is if a case is done and it can't be brought again, then you have a good ruling and it's on the merits. If it's not on the merits, then you can go back and bring it again, like failure to state a claim or cause of action or . . . Your desired outcome here would be what? My desired outcome . . . Mr. DeVito was really domiciled and had a little fact-finding determination? No. Again, Your Honor, what I wanted to bring to the court's attention is that everything that Mr. DeVito . . . No. What do you want? Excuse me? What do you want in terms of a remedy from this court? I would like the court to dismiss the claim of the plaintiff with prejudice. That's what I would like. On what grounds? Well, on the grounds that, first of all, the plaintiff is not even the holder of this note. If you remember, he concealed the fact that not only that there were two foreclosure actions . . . I'm sorry. I have to back you up. I thought you were saying that we don't have subject matter jurisdiction. Is that right? I didn't say that. I said that everything that Mr. DeVito said is not true. What is your position on subject matter jurisdiction? Do we have it or not? My position is that the court made its ruling on subject matter jurisdiction. I'm not really here to challenge where Mr. DeVito lived. You're not. Do you agree that Mr. DeVito was a domiciliary of Florida at the time that the suit was brought? We're taking no position on that because . . . Well, let's say I think that's important because that's the question on which subject matter jurisdiction depends. What is your position on where Mr. DeVito was a domiciliary? Was it New York, Florida, or do you think it's an open question that the district court never decided? I think Mr. DeVito set forth that he was a resident of Florida. He was able to convince the court that there was diversity jurisdiction, and I'm really not going to take any position on where . . . I'm telling you that I care about the position. So it sounds like your position is that that hasn't been decided because he could be a domiciliary of New . . . He could have been a domiciliary of New York. He could have been in Florida. So we don't know whether the district court had subject matter jurisdiction. So if that position leads to a remand to the district court to make a determination, that would be the outcome based on your position. So you're not willing to say that you agree that he's a domiciliary of Florida and therefore there was jurisdiction. You think that that is a question in the case? No, I think for argument purposes and for a determination of this case and what we've been through that . . . I'm not going to object to his diversity jurisdiction claim. Well, it's not up to you to object to a legal conclusion that would determine our jurisdiction, our authority to hear the case. But, let me ask a slightly different question. As a factual matter, do you concede that he was at the time of the filing of this case, a domiciliary of Florida? That's a factual thing that you could or not stipulate to or concede. From which factual concession, we could then determine whether or not there was jurisdiction. Keeping in mind that if there's no subject matter jurisdiction, our course has to be to dismiss the case without prejudice. Well, dismiss the appeal, send it back to the district court and order that the case be dismissed without prejudice. Because the court has no power to even act in the case if there was no subject matter jurisdiction. Do you understand what I'm saying? I understand what you're saying and I would still . . . you would send it back, but I would still have statute of limitations defense to whatever new action. So, I can't concede the fact that Mr. DeVico was in fact a . . . Okay, fine. That's fine. So, your position is that there is a question as to Mr. DeVico's domicile at the time that the lawsuit was filed. It may have been New York and it may have been Florida. The district court did not decide that even though it was suggested that there was a question there. The district court instead said it doesn't matter. So, if we don't agree that it doesn't matter, then the proper course would be the district court . . . to remit the district court to make that determination, right? What you would like us to do is assume jurisdiction and then go to the statutory questions. That would be correct, Your Honor. If I'm in favor of that. That would be correct. And, you understand that based on the position you've articulated, we couldn't do that. That if we agree with you that 13013 is a merits determination, then we cannot assume subject matter jurisdiction. You do understand that, right? Correct. Do you want to address the special circumstances point? Yes, Your Honor. Mr. DeVico or the plaintiff would not be entitled to any special circumstances because he came to court with unclean hands. Very simple. Somebody comes to court and doesn't put in his complaint that there are two prior actions in a foreclosure action . . . that you have to put in the complaint. What happened to those two prior actions is not entitled to special circumstances. Mr. DeVico also, according to his papers, is not the holder of the note. Because, don't forget, there was an allonge that was transferred to his other company, Gustavia. So, when Mr. DeVico was questioned about this other company, which is really his, had a deposition to say . . . So, it's really him on both sides, right? So, can he endorse the note to the holder? Couldn't Gustavia have done that? But, he didn't. So, if he did remove the allonge and just endorse it to the holder, wouldn't that be a legitimate action on the part of the predecessor, in order to transfer it later? Except for the fact, the reason why he . . . looking back, the reason why he didn't do it . . . because he didn't believe that we would look back and find the two other actions . . . one in state court and one in federal court, and then bring up 1301. So, you're saying that he did it in this way, in order to avoid that discovery. Maybe that goes to your bad faith point. But, I guess my question is, putting the motivation for doing it that way aside . . . isn't that something that he, as the sole partner of the owner of the note, could have done to endorse it to the holder, and then just give it to the new entity? Well, again, we're taking a leap, because we don't know if he really was the sole holder. He did something, okay? We don't know . . . But, he's the sole partner of Gustavia, and also the sole partner of Woodward-Rora, right? Again, we didn't really go into depth on whether he was or he wasn't. But, if you go out of your way to do something that you easily could have done yourself, and to conceal it from the court . . . Don't forget, this took forever to get the original note. So, we finally get the original note. We go to his attorney in Manhattan. We take a look at it. Now, the attorney in Manhattan knows that that's not the entire note. He knows that there's an allonge that was ripped off and concealed. And, he knew it. So, why would you go through all that trouble to conceal something that all you really had to do was endorse it. But, he really wanted to conceal the fact that there was a 1301.3 application that could have been made. That should have been made a long, long time ago. He brought us all the way to here, when he should have put it in the papers. Should have attached the allonge. And, should have had that issue determined at the outset. But, instead of having it determined . . . I mean, you saw the record in this case. I mean, it's volumes. So, why would he do that? Is that really somebody who has a good reason to . . . or special circumstances to have this court go out of his . . . So, that argument goes to special circumstances, not to whether the note was validly transferred, right? Well, again, you don't have in the record, a note to the plaintiff. Could he have done it? Perhaps. But, in the record before the court, you don't have a valid note. So, if he went to trial, he would produce the note. That's all he would do. And, his case would get dismissed, because plaintiff doesn't have the note, because he ripped the allonge. And, says, hey, look, I guess it wasn't really a fix, as well as it really should have been. And, this is a case where Mr. DeVico went out of his way . . . I hate to keep saying it . . . to keep things a secret. And, Mr. DeVico, for whatever reason, did these things, and we'll never know. But, the fact is . . . And, your Honors know, that when somebody does something that really makes no sense to reasonable people . . . They're trying to hide something. So, whether in fact, Mr. DeVico had the authority to do it, I don't know. I can tell you that it took forever to get him to disclose that the consideration was $100. Maybe it was. Maybe it wasn't. Everything with this case . . . I think we've kept you up long enough. Are there any further questions from the panel, right now? Why don't we go back and hear from both. Your Honors, I just want to quickly address the status of the note as an endorsed instrument under New York law. Under New York law, a note is a commercial paper. A commercial paper, when it is endorsed on its face, becomes either bare paper . . . which can be paid to a holder, if it's endorsed in blank. Or, it becomes . . . and also could become bare paper, if the endorsement is filled in and specifically endorsed to whomever is now the holder. In this case, the note, which is the instrument, is endorsed in blank on its face. Being endorsed in blank on its face, allows the holder to enforce that note.  Mr. Tavico, as the sole partner of Gustavia, would have had the authority on behalf of Gustavia to endorse the note to blank, right? That's correct, Your Honor. So, even if he concealed the allonge or did something else, maybe that goes to bad faith or some of these other considerations. But, your position would be it's still a valid transfer of the note. Yes, my position is that it would be a valid transfer of the note. My position is also that that allonge under New York law does not become part of the note itself. You're saying it's not bad faith because that's what you would do if you wanted to endorse it to blank. You'd take off the allonge? If the note itself is endorsed . . . Well, first of all, no one has ever established that the allonge was ever firmly affixed under New York law to the note itself. And, without it being established that the allonge itself was firmly affixed to the instrument, it does not become part of the instrument as a matter of law. So, as a matter of law, as far as the court should be concerned, the note itself is endorsed in blank on its face, which makes a transferable bearer paper being able to be enforced by whomever is holding it. Unless your honors have any more questions for me, I'm ready to go. No, thank you very much. Thank you. We'll take the case under advisement. Thank you.